# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 1, 2011

## MONTREAL LYONS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-01051    W. Mark Ward, Judge**

---

### No.  W2010-00798-CCA-R3-PC  - Filed August 18, 2011

---

Petitioner, Montreal Lyons, was convicted by a Shelby County jury of four counts of aggravated robbery and one count of especially aggravated kidnapping. *State v. Montreal Lyons*, No. W2006-02445-CCA-R3-CD, 2008 WL 2699657, at *3 (Tenn. Crim. App., at Jackson, July 9, 2008), *perm. app. denied*, (Tenn. Jan. 20, 2009).  Petitioner received an effective sentence of forty-four years.  Petitioner was unsuccessful on appeal to this Court. *Id.* at *7.  Subsequently, Petitioner filed a petition for post-conviction relief.  Among other issues, Petitioner argued that he was afforded ineffective assistance of counsel because trial counsel failed to properly cross-examine the victims during the trial.  The post-conviction court denied the petition.  On appeal, Petitioner argues that the post-conviction court erred because he was prejudiced by the trial counsel's failure to properly cross-examine the victims.  After a thorough review of the record, we conclude that Petitioner has not demonstrated that he was prejudiced by the trial counsel's cross-examination of the victims.  Therefore, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Montreal Lyons.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tom Hoover, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Petitioner and three co-defendants were indicted by the Shelby County Grand Jury for four counts of aggravated robbery and one count of especially aggravated kidnapping as the result of terrorizing two women on the evening of May 14, 2002. *Id.* at *3. After a jury trial, Petitioner was convicted of all five counts. *Id.* At the sentencing hearing, the trial court merged the four aggravated robbery convictions into two convictions and sentenced Petitioner to an effective sentence of forty-four years. *Id.* Petitioner appealed his convictions and sentence to this Court. *Id.* at *1. The judgments of the trial court were affirmed. *Id.* at *7.

On April 2, 2009, Petitioner filed a petition for post-conviction relief alleging that he was afforded ineffective assistance of counsel. The issue presented to the post-conviction court which is now on appeal is that trial counsel did not adequately cross-examine Elisha Wilkins and Latonya Cooper, the two victims, regarding discrepancies in their testimony and statements to police. The post-conviction court held an evidentiary hearing on March 11, 2010. Petitioner testified at the hearing. He was not asked and did not testify about any concerns regarding trial counsel's cross-examination of either witness. Trial counsel also testified at the hearing. He was not asked questions regarding Latonya Cooper at the hearing. Trial counsel was asked about and testified to Ms. Wilkins' cross-examination. When asked if there was a particular reason that he asked Ms. Wilkins only one question regarding her statement, trial counsel responded in the following manner:

> Yes. . . . This was kind of a terroristic home invasion. That's how the State was painting it. And, I thought the statement would have made things worse. [The State] had already introduced, this was a cross-examination. So, the jury had already heard the horrific things that happened. I certainly didn't want that to be echoed. And, my reasons for questioning about the socks on their hands, the t-shirts on their faces, well identification. Then, I went on to ask about have you talked about it several times. Have you reinforced some things or maybe told some things that you didn't remember. And of course, I was going to save that for argument later. But, you know, I didn't want her to talk about her statement anymore.

Petitioner did not present either Ms. Cooper or Ms. Wilkins as witnesses at the hearing. On March 31, 2010, the post-conviction court filed an order denying the petition for post-conviction relief. The post-conviction court's order makes no reference to the allegation of inadequate cross-examination of Ms. Cooper. With regard to the issue regarding the cross-examination of Ms. Wilkins, the trial court pointed out that Petitioner had not presented Ms. Wilkins as a witness at the hearing and did not provide the post-conviction court "with the substance of any specific matter for which Petitioner claims she should have been cross-examined concerning." Therefore, the post-conviction court determined that "Petitioner ha[d] failed to show either deficient performance or prejudice. Petitioner filed a timely notice of appeal.

## ANALYSIS

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App.1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record

preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

We first address Petitioner's argument with regard to the cross-examination of Ms. Cooper. As stated above, the post-conviction court made no reference to any issues regarding Ms. Cooper in its order. Also, we have found no reference to Ms. Cooper in any testimony elicited by Petitioner's counsel or the State at the post-conviction hearing. This Court has previously held that an issue is waived "because of a failure to present proof." This Court has stated:

> There is no evidence at the post-conviction hearing concerning these allegations and we cannot speculate as to the substance of the claims. "We [must] decide cases . . . on the basis of the record as presented to us for our consideration." *Dearborne v. State*, 575 S.W.2d 259, 264 (Tenn. 1978). The burden is always upon the appealing party to develop a record which conveys a fair, accurate, and complete account of those proceedings which form the basis of the appeal.

*Brimmer v. State*, 29 S.W.3d 497, 530 (Tenn. Crim. App. 1998). Because Petitioner failed to present evidence with regard to this issue at the post-conviction hearing, we cannot speculate in what way Petitioner claims the failure to cross-examine the witness prejudiced him. Therefore, this issue is waived.

Even if Petitioner had not waived this issue, he would still be unsuccessful. Petitioner did not present either Ms. Wilkins or Ms. Cooper as witnesses at the post-conviction hearing. Our Court made the following conclusion in a similar case:

The Petitioner and trial counsel were the only witnesses who testified at the post-conviction hearing. This court has long held that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We cannot speculate as to what these witnesses may have said if presented or how other witnesses may have responded to a rigorous cross-examination. *Id.*

*Timothy Flood v. State*, No. E2009-00294-CCA-R3-PC, 2010 WL 1068184, at *9 (Tenn. Crim. App., at Knoxville, Mar. 24, 2010), *perm. app. denied*, (Tenn. Aug. 25, 2010). The Court then concluded that the post-conviction court had not erred in determining that Petitioner had not shown that he was prejudiced by trial counsel's failure to cross-examine the victim. *Id.*

The same is true in this case with regard to both Ms. Wilkins and Ms. Cooper. Petitioner failed to present the witnesses, and we cannot speculate as to what their testimony would have been. Therefore, Petitioner has failed to demonstrate prejudice for this reason.

As to Ms. Wilkins, we also note that trial counsel testified that he did not cross-examine her regarding her statement because he did not want her to repeat the facts of the "terroristic home invasion." The careful cross-examination of Ms. Wilkins was a reasonably based trial strategy taken after careful consideration by trial counsel. As stated above, we are not to second-guess such a trial strategy.

Therefore, we conclude that Petitioner has failed to prove prejudice with regard to these issues, primarily because he failed to present any evidence of what the testimony would have been had trial counsel engaged in the cross-examination for which Petitioner argues. In addition, Petitioner failed to demonstrate, through evidence presented at the hearing, how his case would have been different.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE